**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candace Lynne Sutherland Olding, | No. CV-23-00725-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Sarah Layman, et al., | |
| Defendants. | |

Defendants Chris Borreho, Sarah Layman, and Vanessa Muro ("Defendants")[1] have filed a motion to dismiss the complaint (Doc. 6) and a motion to strike or dismiss the first amended complaint ("FAC") (Doc. 15).  Because the complaint (Doc. 1) and the FAC (Doc. 14-1) are both deficient and subject to dismissal pursuant to Rule 8 of the Federal Rules of Civil Procedure, the Court will, for the sake of judicial efficiency, overlook the procedural irregularities regarding the filing of the FAC.  For the following reasons, the FAC is deemed the operative complaint, the motion to dismiss the original complaint is denied as moot, the motion to dismiss the FAC is granted, and the FAC is dismissed with leave to amend.

…

…

---

[1]      Defendant Jeffrey J. Hartley has not been served and has not participated in this action.  Although Plaintiff names Hartley as a Defendant in the FAC, the FAC states that "Jeffrey J. Hartley is exempted from this pleading for he has been unable to be served the complaint."  (Doc. 14-1 at 2.)

**BACKGROUND**

On November 28, 2022, Plaintiff filed this action[2] in Maricopa County Superior Court.[3]

On April 28, 2023, Defendants removed the action.  (Doc. 1.)

On May 5, 2023, Defendants filed a motion to dismiss the complaint.  (Doc. 6.)

On May 31, 2023, Plaintiff filed a motion to amend the complaint.  (Doc. 11.)

On June 2, 2023, the Court denied the motion to amend without prejudice.  (Doc. 12.)   The Court noted that LRCiv 15.1(a) required Plaintiff to "attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added," and that this had not been done.  (*Id.* at 1.)   The Court ordered Plaintiff to file, by June 16, 2023, "either (1) a new motion for leave to amend that complies with the Local Rules and the Federal Rules of Civil Procedure and [the June 2, 2023] order or (2) a response to the pending motion to dismiss."  (*Id.* at 2.)  The Court specifically cautioned Plaintiff as follows:

> Plaintiff may file another motion for leave to amend that adheres to LRCiv 15.1(a).  If Plaintiff chooses to do this, Plaintiff is reminded that the amended complaint "supersedes the original," such that the original complaint will be "treated thereafter as non-existent."  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Thus, "[t]he proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits."  LRCiv 15.1(a).  The proposed amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Specifically, it must contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought.  Fed. R. Civ. P. 8(a)(1)-(3).  These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its

---

[2]       The Court will not attempt to summarize the facts alleged, as doing so would require the Court to "prepar[e] the 'short and plain statement' which Rule 8 obligate[s] [P]laintiff[] to submit."  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

[3]       Although the complaint is captioned "In the Superior Court of the State of Arizona in and for County of Pima," the complaint alleges that "Maricopa County Superior Court has the legal authority to hear and decide this case . . . ."  (Doc. 1-3 at 22 ¶ 1.)  The stamp indicates it was processed by Jeff Fine, who is the Clerk of Maricopa Superior Court.  (*Id.* at 22.)  The notice of removal likewise specifies that the state court action was pending in Maricopa Superior Court.  (Doc. 1 at 1.)

claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

(*Id.* at 1-2.)

On June 13, 2023, Plaintiff filed a document containing a cover sheet from Maricopa County Superior Court and the original complaint with certain sections of the text struck through by hand.  (Doc. 14.)  Attached to this document is a document entitled "1st Amended Complaint," which begins with a 15-line preface that appears (or attempts) to be a motion for leave to amend and then consists of a section entitled "Amended Claims," which includes only certain paragraph numbers (beginning with 7, then 9, then 12, etc.). (Doc. 14-1.)

On June 16, 2023, Defendants filed a motion to either strike Plaintiff's June 13, 2023 filing or, if the filing is construed as the FAC, to dismiss it.  (Doc. 15.)

## DISCUSSION

It appears that Plaintiff attempted to comply with LRCiv 15.1(a) but misunderstood what was required of her, despite the guidance provided in the June 2, 2023 order. Plaintiff's approach would require the Court and Defendants to read the original complaint (with text struck through) and the "Amended Claims" in tandem, combining what remains of the original complaint with the additional text in the "Amended Claims" section, to create the proposed amended complaint required by LRCiv 15.1(a).  This is not what is contemplated by LRCiv 15.1(a).  Generally, parties submitting motions for leave to amend will attach one document, "redlined" (often using Microsoft Word or a similar word processing software), such that the deletions and additions are all together in one cohesive and self-contained document, making it easy for the reader to understand what the amended complaint will look like if leave to amend is granted and also to simultaneously understand what has been deleted and added.

Nevertheless, the Ninth Circuit has instructed that courts must "construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Despite Plaintiff's interpretation of LRCiv 15.1(a), the Court is able to discern what the amended complaint would contain.

Although Defendants' June 16, 2023 motion is not fully briefed, there is no need to wait for further briefing, as it is clear to the Court that the original complaint and the attempted amendments all suffer from the same flaw.  Thus, the most efficient solution is to construe the filing at Doc. 14-1 as the FAC and dismiss it with leave to amend.[4]

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint (Doc. 1), Plaintiff's first attempt at an amended complaint (Doc. 11), and the FAC (Doc. 14-1) all share the infirmity of being neither short nor plain.  Instead, these complaints are a jumble of scattered, rambling statements—blending alleged facts, opinions, legal conclusions, and legal citations without any cohesion or organizational structure, such that it is impossible to discern what happened.  There is no way to determine what causes of action are being raised, for what conduct.  Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  Ideally, each numbered paragraph should contain one discrete fact, and when read together, those facts should give rise to a concise chronology that is easy to read and understand.  *See, e.g.*, *id.* at 1179 ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges.").  Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8.  *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

The Court will dismiss the FAC with leave to amend.  "Dismissal of a pro se

---

[4]      The motion to dismiss the original complaint (Doc. 6) is therefore moot.  *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent. . . . Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot . . . .").

complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (internal quotation marks and citation omitted).

Plaintiff's second amended complaint ("SAC") must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, Plaintiff is advised that the SAC must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, the SAC shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of each specific claim asserted against each Defendant, and a good faith demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3). These pleading requirements are to be set forth in separate and discrete numbered paragraphs, and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Because leave to amend is being granted in this order, there is no need for Plaintiff to file a motion for leave to amend, and the Court will not require Plaintiff to submit a "redlined" draft with additions and omissions indicated. Indeed, the SAC should be a stand-alone document—neither the original complaint nor the FAC should be refiled along with it. The SAC does not need any sort of preface. Upon filing the SAC, every other complaint previously filed will become a nullity, so the SAC must, on its own, establish a short, plain, comprehensible recitation of the facts in a clear, organized fashion. The facts should not be interspersed with legal citations. After the facts have been set forth, the SAC should list the causes of action (legal bases for the suit) and identify which Defendant(s) are allegedly liable for each cause of action.

Given this specific guidance on pleading requirements, the Court is not inclined to grant Plaintiff leave to file another amended complaint if the SAC is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in

prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants.  (*See* Notice to Self-Represented Litigant, Doc. 13 at 7.)

The Court notes that the pending motions to dismiss identify many reasons why dismissal may be appropriate, aside from Rule 8.  However, because there is no way to clearly discern why each Defendant is being sued—for what conduct, done when, giving rise to what causes of action—there is also no way to determine whether, for example, absolute or qualified immunity applies.  Defendants may reassert these defenses in their response to the forthcoming SAC, and assuming the SAC satisfies Rule 8, the Court will determine whether Defendants' other defenses have merit.[5]  *See, e.g.*, *McHenry*, 84 F.3d at 1175 ("Many of the named defendants may be able to assert absolute or qualified immunity as a defense, but unfortunately plaintiffs' complaint does not provide enough detail for the court to determine the appropriateness of these defenses at this time.  For this reason, defendants' motion to dismiss on the immunity grounds is denied without prejudice.  Defendants may refile the motion once plaintiffs have submitted a second amended complaint."); *id.* at 1180 ("[T]he district court did not abuse its discretion in dismissing the entire complaint for violation of Rule 8 and of the court's orders.").

…

…

…

---

[5]    One of these arguments is that Plaintiff's lawsuit is an impermissible attack on a state court judgment.  (Doc. 15 at 13-14.)  The Court notes, however, that no records from a previous state court action were provided.  The original motion to dismiss referenced a "family court case, Pima County Superior Court case number SP20180755" and noted that the Court could "take judicial notice of mater [sic] of public record without converting the motion to dismiss to a motion for summary judgment," (Doc. 6 at 3), but again, no public records regarding the Pima County action were submitted.

Accordingly,

**IT IS ORDERED** that the document at Doc. 14-1 is construed as the FAC.

**IT IS FURTHER ORDERED** that the motion to dismiss the original complaint (Doc. 6) is **denied as moot**.

**IT IS FURTHER ORDERED** that the motion to dismiss the FAC (Doc. 15) is **granted**.  The FAC (Doc. 14-1) is dismissed with leave to file a second amended complaint ("SAC") by **July 28, 2023**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to file a SAC by **July 28, 2023**, the Clerk of Court shall terminate the action.

Dated this 30th day of June, 2023.

Dominic W. Lanza
United States District Judge