**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Candace Lynne Sutherland Olding,<br><br>Plaintiff,<br><br>v.<br><br>Sarah Layman, et al.,<br><br>Defendants. | No. CV-23-00725-PHX-DWL<br><br>**ORDER** |

Defendants filed a motion to dismiss the second amended complaint ("SAC"), and Plaintiff failed to respond to the motion. The motion to dismiss is summarily granted and this case is dismissed without prejudice.

## BACKGROUND

On November 28, 2022, Plaintiff filed this action in Maricopa County Superior Court.[1]

On April 28, 2023, Defendants removed the action. (Doc. 1.)

On May 5, 2023, Defendants filed a motion to dismiss the complaint. (Doc. 6.)

On May 31, 2023, Plaintiff filed a motion to amend the complaint. (Doc. 11.)

On June 2, 2023, the Court denied the motion to amend without prejudice. (Doc. 12.) The Court noted that LRCiv 15.1(a) required Plaintiff to "attach a copy of the

---

[1] Although the complaint is captioned "In the Superior Court of the State of Arizona in and for County of Pima," the complaint alleges that "Maricopa County Superior Court has the legal authority to hear and decide this case . . . ." (Doc. 1-3 at 22 ¶ 1.) The stamp indicates it was processed by Jeff Fine, who is the Clerk of Maricopa Superior Court. (*Id.* at 22.) The notice of removal likewise specifies that the state court action was pending in Maricopa Superior Court. (Doc. 1 at 1.)

proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added," and that this had not been done. (*Id.* at 1.)  The Court ordered Plaintiff to file, by June 16, 2023, "either (1) a new motion for leave to amend that complies with the Local Rules and the Federal Rules of Civil Procedure and [the June 2, 2023] order or (2) a response to the pending motion to dismiss." (*Id.* at 2.)

On June 13, 2023, Plaintiff filed a document containing a cover sheet from Maricopa County Superior Court and the original complaint with certain sections of the text struck through by hand.  (Doc. 14.)  Attached to this document was a document entitled "1st Amended Complaint," which began with a 15-line preface that appeared (or attempted) to be a motion for leave to amend and then consisted of a section entitled "Amended Claims," which included only certain paragraph numbers (beginning with 7, then 9, then 12, etc.). (Doc. 14-1.)

On June 16, 2023, Defendants filed a motion to either strike Plaintiff's June 13, 2023 filing or, if the filing was construed as the FAC, to dismiss it.  (Doc. 15.)

On June 30, 2023, the Court construed the document at Doc. 14-1 as the FAC, denied the motion to dismiss the original complaint as moot, granted Defendants' motion to dismiss the FAC, and granted leave to amend.  (Doc. 16.)  The Court noted that "[t]he complaint (Doc. 1), Plaintiff's first attempt at an amended complaint (Doc. 11), and the FAC (Doc. 14-1) all share the infirmity of being neither short nor plain" and were instead "a jumble of scattered, rambling statements—blending alleged facts, opinions, legal conclusions, and legal citations without any cohesion or organizational structure, such that it is impossible to discern what happened." (Doc. 16 at 4.)  The Court provided "specific guidance on pleading requirements" and cautioned that it would not be inclined to grant leave to amend again if the SAC were dismissed.  (*Id.* at 5.)

On July 20, 2023, Plaintiff filed the SAC.  (Doc. 17.)

On July 28, 2023, Defendants filed a motion to dismiss the SAC.  (Doc. 18.)

Because one of the dismissal arguments, which turns on the *Rooker-Feldman* doctrine (Doc. 18 at 4), implicates the Court's subject-matter jurisdiction,[2] Plaintiff had 30 days to respond. *See* LRCiv 12.1(b). The 30-day deadline has now expired and Plaintiff did not respond.

## DISCUSSION

LRCiv 7.2(i) provides that if the opposing party "does not serve and file the required answering memorandum" to a pending motion, "such non-compliance may be deemed a consent to the . . . granting of the motion, and the Court may dispose of the motion summarily." "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Furthermore, the Court "has the inherent power to dismiss a case *sua sponte* for failure to prosecute," *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962).

The Court weighs the same factors when dismissing for failure to follow the Court's rules or orders and/or when dismissing for failure to prosecute. "Before dismissing the action, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases [on] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53; *cf. Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Dismissal is proper where "at least four factors support dismissal, or where at least three factors strongly support dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Nevertheless, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of

---

[2] *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker–Feldman* bars subject matter jurisdiction in federal district court.").

conditions precedent . . . or a script that the district court must follow." *Conn. Gen. Life,* 482 F.3d at 1096.

Regarding the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal" and can "strongly" support dismissal. *Yourish*, 191 F.3d at 990. Regarding the second factor, the litigation thus far has already burdened the Court's ability to manage its docket. The Court finds that these two factors support dismissal.

The delay is minimal at this time, but further delay risks prejudice to Defendant. *Parker v. Shaw & Lines, LLC*, 2010 WL 1640963, *2 (D. Ariz. 2010) ("It is axiomatic that, as time passes, it becomes harder for Defendants to defend the action as witnesses become unavailable and memories fade."). The third factor supports dismissal.

The fourth factor weighs against summary dismissal. "Because public policy favors disposition of cases on their merits, this factor weighs against dismissal." *Wystrach v. Ciachurski*, 267 F. App'x 606, 608 (9th Cir. 2008).

The fifth factor supports dismissal. This factor requires the Court to consider whether less drastic sanctions could be appropriate, whether it has already tried them, and whether the noncompliant party has been warned that the case could be dismissed for failure to comply. *Connecticut Gen. Life*, 482 F.3d at 1096. Here, a local rule expressly permits the Court to "dispose of the motion summarily" when an "unrepresented party" fails to "file the required answering memoranda" for a motion. LRCiv 7.2(i). It is within the Court's discretion to dismiss the action summarily at this juncture. *Parker*, 2010 WL 1640963, *2; *see also United States v. Warren,* 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules."). The Court has considered whether less drastic sanctions could be appropriate in this case. Available alternatives include, for example, "a formal reprimand, imposition of costs or attorney fees, or an adjudication of the motion without the benefit of plaintiffs' arguments in opposition." *Wystrach*, 267 F. App'x at 608. The Court has considered these other options and finds that they would not be appropriate sanctions in

light of this case's procedural history, as Defendants have already briefed three motions to dismiss and Plaintiff has never responded, and addressing the unopposed motion on the merits would further burden the Court's management of its dockets. The Court will dismiss the action without prejudice, which is the only less drastic sanction appropriate here. *See, e.g.*, *Fader v. City of Phoenix*, 2013 WL 5446676, *2–3 (D. Ariz. 2013) ("[D]ismissal without prejudice is the only acceptable less drastic sanction in this case.").

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss the SAC (Doc. 18) is summarily **granted** and Plaintiff's claims are dismissed without prejudice and without leave to amend.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment and terminate this action.

Dated this 10th day of September, 2023.

_____
Dominic W. Lanza
United States District Judge